Eastern District of Kentucky
F I L E D
JUN 2 7 2014
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CHRISTOPHER M. MAJOR, )
)
Petitioner, ) Civil No. 5: 14-252-KKC
)
V. )
)
COMMONWEALTH OF KENTUCKY, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," [R. 1] and "Demand for Jury Trial Pursuant to Rule 38" [R. 2] filed by Christopher M. Major.

On April 26, 2008, Major pled guilty in the Circuit Court of Jessamine County, Kentucky, to a four-count indictment charging him with (1) driving under the influence – his fourth or subsequent offense within a five-year period; (2) driving under the influence with a suspended license – second offense; (3) receiving stolen property worth over $300.00; and (4) being a first-degree persistent felony offender. The Jessamine Circuit Court imposed a 15-year sentence in light of the PFO enhancement. Major recently filed a motion requesting resentencing pursuant to Ky. Rev. Stat. 532.080(3), which the Circuit Court denied on March 20, 2014. *Commonwealth v. Major*, No. 07-CR-190 (Jessamine Cir. Ct. 2007). *See Major v. Kentucky*, No. 5: 14-188-JMH (E.D. Ky. 2014) [R. 1-1, p. 1-8 therein] (hereinafter *Major I*).

Major then filed a "Notice of Removal" of that action to this Court on May 14, 2014, seeking immediate release pursuant to a number of federal statutes, including 28 U.S.C. § 2254. *Major I* [R. 1 therein]. On June 3, 2014, Major also filed in that action a "Motion for Relief

1

Pursuant to Rule 60," [R. 4 therein]; a "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," [R. 5 therein]; a "Motion for Assitance (*sic*) of Counsel," [R. 6 therein]; a "Demand for Jury Trial Pursuant to Rule 38," [R. 6-1 therein]; and a "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," [R. 7 therein] These motions were received in this Court and docketed in *Major I* on June 11, 2014.

Before the motions were received, this Court dismissed and remanded that action on June 5, 2014, noting that Major's notice of removal under 28 U.S.C. § 1455 was untimely; failed to allege a deprivation of constitutional rights predicated upon racial discrimination under 28 U.S.C. § 1443(1); and was unwarranted because his criminal prosecution was no longer pending. [R. 3 therein (*citing Major v. Com.*, No. 2008-CA-001855-MR, 2009 WL 4060490 (Ky. App. Nov. 25, 2009))]. Major filed a notice of appeal from that decision on June 19, 2014. [R. 8 therein] The Court then denied Major's five ancillary motions on jurisdictional and substantive grounds on June 25, 2014. [R. 10 therein]

Following the dismissal of his case, on June 16, 2014, Major sent new photocopies of his motions for relief – identical in all respects to the ones he filed in *Major I* except for the omission of the prior case number – in three separate envelopes. Each envelope contained a copy of his "Demand for Jury Trial Pursuant to Rule 38"; one contained Major's "Motion for Relief Pursuant to Rule 60," which has been docketed as *Major v. Kentucky*, No. 5: 14-cv-250-KKC (E.D. Ky. 2014); a second contained Major's "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," which has been docketed as *Major v. Kentucky*, No. 5: 14-cv-251-DCR (E.D. Ky. 2014); and a third contained Major's "Motion to Vacate Pursuant to the U.S. Const.,

Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," which has been docketed as *Major v. Kentucky*, No. 5: 14-cv-252-KKC (E.D. Ky. 2014).

In the "Motion to Vacate ... " Major filed in this case, he states that the Commonwealth of Kentucky lacked jurisdiction over him and has violated his civil and constitutional rights by imposing the sentence of imprisonment upon him, and the Court to release him from custody. [R. 1, pp. 1-3] Major's request for the Court to vacate his criminal convictions by the Commonwealth of Kentucky seeks, in essence, federal habeas relief from a state conviction, a request which must be pursued under 28 U.S.C. § 2254:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000). If Major wishes to pursue federal habeas relief, he must file a habeas petition under § 2254, not request relief under the general rubric of a motion to vacate.

The Court could, of course, recharacterize Major's "Motion to Vacate ..." as a § 2254 petition with his consent after providing the warnings required by *Castro v. United States*, 540 U.S. 375, 381-83 (2003). But Major's § 2254 petition would be time-barred. Major was sentenced on April 26, 2008, and does not appear to have taken any direct appeal, as he filed a motion for collateral relief pursuant to RCr 11.42 on September 18, 2008. *See Major v. Com.*, No. 2011-CA-000459-MR, 2012 WL 3136814 (Ky. App. Aug. 3, 2012). If so, the limitations period under 28 U.S.C. § 2244(d)(1)(A) – one year after the petitioner's conviction became final

on direct review – expired on or about May 26, 2009. Because any recharacterization would be futile in light of a clear time bar, the Court will simply deny Major's "Motion to Vacate ..." as procedurally improper. *Cf. Arbing v. United States*, No. 11-CV-286-WDS, 2011 WL 6122557 ,at *2 (S.D. Ill. Dec. 8, 2011) (declining to recharacterize petition as initial § 2255 motion where it was time-barred) (citing *United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) (district court's failure to notify the petitioner of recharacterization was harmless error because it "would not change the fact that the limitation period for filing a § 2255 motion had long since passed.")).

Accordingly, **IT IS ORDERED** that:

1. Christopher M. Major's "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)" [R. 1] is **DENIED**.

2. Major's "Demand for Jury Trial Pursuant to Rule 38" [R. 2] is **DENIED AS MOOT**.

3. The Court will enter a judgment contemporaneously with this Order.

4. This matter is **STRICKEN** from the active docket.

This the 27th day of June, 2014.



Signed By:
Karen K. Caldwell
United States District Judge

4